Donahue, J.
This ordinance purports to have been adopted under the authority of the act of the general assembly passed April 10, 1913 (103 O. L., 141), as amended 103 O. L., 760, and generally designated as “The Flood Emergency Act.” The validity of the ordinance depends upon the constitutionality of this law.
It may be said in passing that if the state has no power to meet this emergency and to relieve the flood-stricken districts from the devastation wrought by this unprecedented calamity, then the state is inherently weak and fails in one of the most important purposes of its organization.
It is perhaps true that when our constitution was written and the various amendments thereto adopted, the people of the state may not have contemplated any such disaster as has overtaken us, and may not therefore have specifically provided the means and methods by which the resulting-conditions might be met and mastered.
On the other hand, however, it must be made to appear that this legislation is clearly in violation of the positive provisions of the constitution before a court would declare it unconstitutional. It is true that this court has said many times that in determining the constitutionality of an act the wisdom or beneficent purpose of the legislation under consideration is in no wise important: that the only duty of the court is to determine whether *186 the general assembly of the state has acted within its constitutional authority; and undoubtedly that principle must obtain in the determination of the constitutionality of this act. But in view of the terrible catastrophe our state has just suffered and the urgent need for prompt and efficient action, certainly mere technicalities or a- refinement of reasoning that might suggest a possible doubt as to the legality of this act ought not to find much favor with the court.
The first contention on the part of plaintiff in error is that this act. is invalid because it violates the provisions of Section 26 of Article II of the state constitution.
This provision of the constitution requires that all laws of a general nature shall have uniform operation throughout the state. It has been adjudicated many times by this court that a law that “operates upon every person brought within the relation and circumstances provided for and in every locality where the condition exists is a law of uniform operation throughout the state.” State, ex rel., v. Miller, 87 Ohio St., 12; City of Cincinnati v. Steinkamp, 54 Ohio St., 284, 295; State, ex rel., v. Creamer, 85 Ohio St., 349; Miller v. Crawford, 70 Ohio St., 207; State, ex rel., v. Spellmire, 67 Ohio St., 77.
The principal argument urged in behalf of the claim that this law violates this provision of the constitution is that not only can it not have operation now in every locality within the state, but by reason of the fact that it is limited to the repair of damages wrought by the floods in March and April, 1913, it forecloses any possibility of *187 other parts of the state where no damage now exists from these floods from ever coming within the provisions of this act.
If this court is correct in its former holdings that a general law that operates in every locality where the conditions exist is a law of uniform operation throughout the state, then this argument must fail, for this law operates in every such locality.
It is also a matter of general knowledge that this flood was not local in its character, but was general throughout this state, as well as in adjoining states, and practically all the portions of this state heretofore subject to floods, as well as many portions of the state that had never before suffered therefrom, were affected by the floods specified in this act. In fact, in all the history of this state there has never except this once been a flood of such a general nature or of such a devastating character both to the lives and property of our people; and applying these historical facts in aid of human judgment which, in view of the sad experiences we have just passed through, is at best lamentably uncertain, it is not a very strong argument to urge that the terms of this statute should have provided that other parts of the state might avail themselves of its provisions when other floods affected them in like manner.
It amounts to saying in fact that no valid legislation. can be passed for relief of flood disasters in the valleys and lowlands of the state because forsooth the hills and highlands have not suffered; for it was practically only the hills and highlands *188 of the state that were exempt from the devastation of this flood.
But this act is in its very nature an emergency act. It deals with conditions that now confront us, and with conditions that we hope and have reason to hope may never be known again in this state. It is not the ordinary, everyday experience or condition, but an extraordinary situation requiring extraordinary remedies and remedies' that cannot well be delayed for a change in our organic law.
These conditions are necessarily temporary in character, and the legislature is to be congratulated upon its optimistic view deducible from the provisions of this act that this experience will not be repeated. The legislature has therefore dealt with it as a thing apart from the ordinary routine of public affairs. The fact that it applies to present conditions only, does not affect its uniform operation throughout the state. It might just as well be said that a law authorizing the pensioning of soldiers in the War of the Rebellion is not of uniform operation, because that war is over and only soldiers who participated in that war could receive such pension; and because no other persons except the soldiers engaged in that war could ever by any means or methods come Avithin the operation of that law. But that law does not prevent the passage of an act to pension soldiers of another war AAdien the necessity occurs, nor does this law prevent the passage of an act of the general assembly to take care of conditions arising from future floods, if that unhappy necessity should ever present itself for its consideration.
*189 Our attention is called, however, to the fact that this law purports to confer on courts of common pleas in the affected counties a jurisdiction not conferred on these courts in other localities, and for that reason it is not of uniform operation throughout the state.
What has been said in reference to the uniform operation of this law in every locality where the condition specified in the act exists also applies to this contention. This act confers jurisdiction on the common pleas courts, or any judge of the common pleas courts of this state the same authority, to act when the matter is presented in the manner and form provided for in the act itself.
It does fix the venue in which the application shall be made. But every common pleas court in the state is granted the same authority and the same jurisdiction, the only requirement being as to venue. The fact that there may be some counties in the state where such an application may never be filed is in no wise important. The fact that it may be filed in such court when the venue is properly laid is sufficient to show that it has uniform operation throughout the state. The legislature has fixed the venue for all other kinds and character of actions, and while the legislature has necessarily conferred like jurisdiction on all common pleas courts it has very properly limited its jurisdiction to the venue fixed for the bringing of such action. For example, all common pleas courts have jurisdiction in actions for money only, and yet the legislature has limited the venue of such an action to the county in which the defend *190 ant or one of the defendants may be served with •summons.
It is said, however, that this act vests legislative powers in the courts of common pleas. The language of the act is not subject to such construction. It provides that the common pleas court or a judge thereof shall hear and determine if such public necessity exists, if such proposed repair, construction or replacement is temporary in its nature and should be made forthwith, and if the amount of money proposed to be expended therefor is reasonable and justified by such necessity. These questions so submitted to the court are not legislative but justiciable questions in every sense of the word. This provision is written into this law for the evident purpose of safeguarding public moneys and public credit and is in lieu of the general laws provided for such purpose in the transaction of ordinary public business.
It is claimed that the fact that these laws are suspended by the act in question is another reason why the act is not of' uniform operation throughout the state, because of the fact that in all other localities except flood districts the general laws apply to all the matters and things contemplated to be done under this act, and that this exemption can apply only in the counties affected.
This is not a valid objection to the law, because a law is of uniform operation if it applies in every locality of the state where the condition named in the law exists.
It is also claimed that this is a special act conferring special powers on particular municipalities and on the courts of common pleas in the counties *191 in which they are located, and to meet local conditions only. The reasons already given why this law is of uniform operation throughout the state apply with equal force to this contention. It cannot be doubted that- the general laws may apply to certain localities only, if such laws apply to all persons who are similarly situated in such localities and to all parts of the state where like conditions exist. Laws are not held to be general and uniform because they operate upon every person in a state. If that were true, very, little legislation would be constitutional; for laws do not as a rule operate upon every person in the state; but rather upon every person who is within the relation and circumstances provided for in the law; .and that being true, the number of persons or the extent of territory affected is in no wise important, either in determining the uniform operation of the act or the general nature of the law. An act is not a special act merely because every individual in the state and every part of the territory within the limits of the state do not come within its operation. It is a general law if it applies to all persons similarly situated and to all localities where like conditions exist.
For these reasons, we have reached the conclusion that' the act in question is constitutional and that the ordinance passed under authority of this act is a valid ordinance of the city of Cincinnati.

Judgment affirmed.

Shauck, C. J., Johnson, Wanamakér, Newman and Wilkin, JJ., concur.